UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUEST DYLAIN COTTRELL,

                          Petitioner,

          v.

STATE OF WASHINGTON,

                          Respondent.

CASE NO. C21-5013-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner, proceeding pro se, submitted a 28 U.S.C. § 2254 habeas corpus petition seeking to challenge his September 8, 2017 conviction and sentence in Grays Harbor Superior Court. (Dkt. 3.) In attachments to the petition, petitioner asserts the State of Washington lacks jurisdictional authority to decide federal constitutional matters and deems inapplicable the one-year statute of limitations for filing a habeas petition contained in 28 U.S.C. § 2244(d). (Dkt. 3-1 at 2, 4.) He contends this is an "original action," not an appeal of his judgment or conviction, and a constitutional challenge to state action for which "original jurisdiction" lies in this Court. (*Id.* at 4.) He seeks as relief immediate release and expungement of his record. (Dkt. 3 at 15.)

Petitioner also filed a "Motion to Compel for Information (Show Cause)" (Dkt. 4) and a "Motion for Vicarious Exhaustion of State Remedies" (Dkt. 5). The first motion asks that the

REPORT AND RECOMMENDATION
PAGE - 1

1    Court order the State of Washington "to present the Bill of Indictment by a Grand Jury" and, if the

2    State fails to provide legal cause for his restraint, for this Court to order his immediate release from

3    confinement. (Dkt. 4.)  The second motion asks that the Court consider a different individual's

4    exhaustion of state remedies as providing "vicarious exhaustion" to petitioner.  (Dkt. 5.)

5        The Court, for the reasons set forth below, finds the pending motions and habeas petition

6    should be DENIED and this case DISMISSED.

7                                        DISCUSSION

8        "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

9    the judgment of a State court shall not be granted unless it appears that . . . the applicant has

10   exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The

11   exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve

12   federal constitutional claims before those claims are presented to the federal courts," and,

13   therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any

14   constitutional issues by invoking one complete round of the State's established appellate review

15   process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A complete round of the state's

16   established review process includes presentation of a petitioner's claims to the state's highest

17   court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  "In turn, the state's highest court must have

18   disposed of each claim on the merits."  *Id*.

19       Petitioner asserts and state court records confirm he was convicted by Grays County

20   Superior Court on September 8, 2017.  *See* https://odysseyportal.courts.wa.gov/ODYPORTAL/.

21   Petitioner also asserts he did not file a direct appeal, a petition for collateral review, or seek any

22   other relief in relation to his conviction in state court.  (*See* Dkt. 3 at 2-3.)  A search of state courts

23   records did not reveal any filings under petitioner's name in the Washington Court of Appeals or

REPORT AND RECOMMENDATION
PAGE - 2

Washington Supreme Court. *See* https://dw.courts.wa.gov/. Petitioner's request for "vicarious exhaustion" is unavailing. In a case cited to by petitioner, the Court merely recognized an individual had exhausted his state court remedies and that his federal habeas petition, filed after the expiration of the applicable statute of limitations, was therefore subject to dismissal with prejudice. *Fischer v. State of Washington*, C20-0051-TSZ-MLP (Dkt. 5) (noting recommendation to dismiss without prejudice was based on mistaken impression the individual had not sought discretionary review in the Washington Supreme Court). In this case, there is no evidence of exhaustion.

It also appears petitioner would be procedurally barred from attempting to exhaust his remedies under RCW 10.73.090(1) (petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final), and would face a procedural default for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). He does not identify cause and prejudice excusing his default. *Id.* at 750 (when a state prisoner defaults on federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause, i.e. some external objective factor that prevented compliance with the procedural rule, and prejudice, i.e. that the claim has merit) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

The petition is also time-barred. Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). In Washington, a notice of appeal must be filed within thirty days

REPORT AND RECOMMENDATION
PAGE - 3

1    after the entry of the decision of the trial court.  Wash. RAP 5.2(a).  The end of this thirty day

2    period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A).

3         Here, because petitioner did not appeal the September 8, 2017 judgment, his conviction

4    became final thirty days later, on October 9, 2017.  His one-year statute of limitations under §

5    2244(d)(1) began to run the following day, on October 10, 2017.  *Patterson v. Stewart*, 251 F.3d

6    1243, 1246-47 (9th Cir. 2001).  The one-year limitations period for filing a § 2254 action is tolled

7    for any properly filed collateral state challenge to the pertinent judgment or claim.  28 U.S.C. §

8    2244(d)(2).  Because petitioner did not file a personal restraint petition or any other collateral

9    challenge, his one-year limitations period ran for 365 days and expired on October 10, 2018.

10   Petitioner filed his federal habeas petition on January 7, 2021 (Dkt. 1), well over two years after

11   his statute of limitations expired.

12        The statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631,

13   645 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  Equitable tolling is available

14   "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a

15   petition on time and the extraordinary circumstances were the cause of his untimeliness."  *Laws*,

16   351 F.3d at 922 (internal quotation marks and quoted source omitted).  To be entitled to equitable

17   tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that

18   some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560

19   U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In other words, equitable

20   tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent

21   timely filing.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner does not identify

22   any grounds for equitable tolling.  (*See* Dkt. 3.)  Nor is it apparent any extraordinary circumstances

23

REPORT AND RECOMMENDATION
PAGE - 4

beyond petitioner's control inhibited his ability to timely pursue his claims and entitle him to the equitable tolling of the federal statute of limitations.

Finally, the habeas petition does not contain any substantive content related to petitioner's conviction or any related claims for habeas relief. *See* 28 U.S.C. § 2254(a) (petitioner must show custody in violation of the Constitution, laws or treaties of the United States) and (d) (petitioner must demonstrate highest state court decision rejecting grounds for relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or resulted in decision based on an unreasonable determination of facts in light of evidence presented in state court). Instead, the petition merely points to attached documents containing generic and inaccurate assertions, such as an alleged absence of jurisdiction on the part of Washington State to decide any federal constitutional issues and petitioner's alleged entitlement to release. Contrary to these contentions, and the motion to compel, the state courts do have jurisdiction to adjudicate petitioner's claims on appeal and through a personal restraint petition. In fact, and as explained above, petitioner is required to exhaust his claims in state court prior to seeking federal habeas relief. Because petitioner failed to exhaust any claims in state court, filed his petition outside of the § 2254 statute of limitations period, and does not assert or show his entitlement to tolling, his petition should be dismissed. [1]

<u>CONCLUSION</u>

The Court, in sum, recommends petitioner's pending motions (Dkts. 4 & 5) and his federal habeas petition (Dkt. 3) be DENIED and this case DISMISSED with prejudice. Additionally,

---

[1] Petitioner also fails to name a correct respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (petition must name as respondent state officer having custody of petitioner, typically the warden of the facility in which petitioner is incarcerated; failure to name the custodian deprives federal courts of personal jurisdiction).

REPORT AND RECOMMENDATION
PAGE - 5

because petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes he is not entitled to a certificate of appealability with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.")  A proposed Order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>March 12, 2021</u>**.

DATED this <u>12th</u> day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6